UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL T. WISE,         )<br>                                    )<br>         Plaintiff,            )<br>                                    )<br>v.                                )<br>                                    )<br>LEXINGTON COUNTY SHERIFF'S )<br>DEPARTMENT; SHERIFF JAMES )<br>METTS; MAJOR JAMES E. HARRIS; )<br>CAPTAIN JOSEPH QUIG;       )<br>LIEUTENANT KEVIN JONES;  )<br>IN THEIR INDIVIDUAL AND    )<br>OFFICIAL CAPACITIES,         )<br>                                    )<br>         Defendants.         )<br>_____) | Civil Action No.: 4:06-cv-1842-RBH<br><br><br><br>**ORDER** |

Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 concerning his alleged denial of access to a law library or legal research materials while he was a pre-trial detainee at the Lexington County Detention Center.

Pending before the court are: 1) Plaintiff's [Docket Entry #25] motion for extension of time; 2) Plaintiff's [Docket Entry #27] second motion for extension of time; 3) Defendants' [Docket Entry #28] motion for summary judgment; and 4) Plaintiff's [Docket Entry #35] motion for summary judgment.

On December 11, 2007, United States Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation [Docket Entry #38] in which he recommended that Defendants' motion for summary judgment be granted and that all other outstanding motions be denied. On December 26, 2007, Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

The Magistrate Judge recommended that summary judgment be granted in favor of the Defendants on the merits of Plaintiff's claim concluding that Plaintiff had failed to state a cognizable violation of 42 U.S.C. § 1983. In particular, the Magistrate Judge found that the Plaintiff had failed to submit any objective evidence showing actual injury arising from the alleged denial of access to a law library or legal research materials.

The Magistrate Judge also recommended that summary judgment be granted in favor of the Defendants on the basis of Eleventh Amendment immunity and qualified immunity.

Having reviewed the record and applicable law, the court agrees with the

recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed the Plaintiff's objections and finds that they are without merit. Moreover, the Plaintiff has failed to even address the Magistrate Judge's recommendations regarding Eleventh Amendment and qualified immunity.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #38] of the Magistrate Judge. Accordingly, Defendants' [Docket Entry #28] motion for summary judgment is **GRANTED**. All other outstanding motions are **DENIED**. Plaintiff's case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

February 26, 2008                                        s/ R. Bryan Harwell
Florence, South Carolina                            R. Bryan Harwell
                                                              United States District Judge